IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMCAP MORTGAGE, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO 4:25-cv-1998 |
| | § | |
| | § | |
| CONCUR TECHNOLOGIES, INC. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE U.S. JUDGE KEITH P. ELLISON:

Plaintiff AmCap Mortgage, Ltd. ("AmCap") files this Second Amended Complaint complaining of Defendant Concur Technologies, Inc. and would respectfully show as follows

**I.
JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because of complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000.

2. Concur Technologies, Inc. is subject to jurisdiction within the state of Texas because it regularly conducts business with businesses such as AmCap Mortgage, Ltd. within the state of Texas. Moreover, Concur Technologies, Inc. maintains actual offices within the state of Texas in conducting business within the State of Texas. For example, Concur Technologies, Inc. has an office at 18505 Voss Rd, Dallas, Texas 75287. Concur Technologies, Inc. also maintains an office at 700 Central Expressway S, Allen, Texas 75013. Concur Technologies, Inc. further appears to have an office at 5430 Lyndon B. Johnson Freeway, Dallas, Texas 75240. It also

appears that Concur Technologies, Inc. has an office at 635 Fritz Dr., Copppell, Texas 75019. In addition to multiple office locations within the State of Texas, Concur Technologies, Inc. transacts business within the State of Texas with business such as AmCap Mortgage, Ltd. in order to store data for Texas businesses and to make money from Texas businesses from conducting cloud storage services. Concur Technologies, Inc. transacts such an amount of business in the state of Texas and maintains routine and continuous and substantial contacts with the State of Texas as to be subject to the jurisdiction and laws of the State of Texas.

3. Venue of this action is proper in this District pursuant to 28 U.S.C. 1391(b)(1) because all or a substantial part of the events or omission giving rise to this action occurred within this judicial district.

## II.
## PARTIES

4. Plaintiff AmCap Mortgage, Ltd. has a principal place of business in Houston, Texas. For purposes of diversity of citizenship it is a citizen of the state of Texas.

5. Concur Technologies, Inc., doing business as SAP Concur has appeared herein by and through its counsel of record, Julia Gandara Simonet, COZEN O'CONNOR, 811 Main, Suite 2000, Houston, Texas 77002 and Michael J. Miller and Chase A. Howard, 1650 Market Street, Suite 2800, Philadelphia, PA 19103

## III.
## BACKGROUND FACTS

6. Concur Technologies, Inc. also doing business as SAP Concur is a huge software company specializing in cloud based technologies. AmCap has been a good paying customer of Concur Technologies, Inc. since 2020 utilizing both its expense reporting and invoice applications.

7. On January 24, 2024, AmCap began to inquire of Concur Technologies, Inc. regarding the termination of its services for AmCap and how to properly retrieve its data in cloud storage with Concur Technologies, Inc..

8. AmCap was advised that there were two options available for the termination of services, either:

    a) Historical Data Services (HDS) – a paid service to retain historical expense data, or

    b) Data Dump (zip file format) – one time export of expense data.

9. Concur Technologies, Inc. required a formal termination letter specifying the type of data to be terminated and which of the above services chosen. Between January 30, 2024 and February 22, 2024 AmCap engaged in extensive discussions with SAP Concur regarding the format and delivery of data to be recovered. The agreed plan was to transition first to HDS and then later cancel the HDS and request a Data Dump.

10. On February 22, 2024, AmCap tendered a formal termination letter requesting both a HDS and a Data Dump. On May 20, 2024 Corban Wichtendahl, Activation Coach at Concur Technologies, Inc., reached out to AmCap with questions that needed resolution before migrating AmCap's data to HDS.

11. On June 17, 2024, AmCap emailed Wichtendahl stating AmCap's intention was to cancel the HDS and to proceed with the Data Dump. AmCap requested instructions on how to proceed with the Data Dump to ensure that the data was safely returned to AmCap.

12. On June 18, 2024, Andrea Flor informed AmCap that the HDS Support Team had been notified of the request and that AmCap would receive further instructions within 48 hours. This never happened.

13. On August 26, 2024 AmCap communicated with Andrea Flor stating that no one had contacted it regarding the HDS cancellation or the Data Dump. Ms. Flor replied that she was escalating the matter.

14. On August 27, 2024, Ms. Flor followed up stating someone was now handling the matter internally. On September 18, 2024, AmCap communicated yet again to Ms. Flor that it still had not received any communications from SAP Concur regarding the safe recovery of its valuable data.

15. On October 4, 2024, Jason Bonazzi of AmCap emailed Ms. Flor and Abi Mailhot of Concur Technologies, Inc. seeking assistance with his June 17, 2024 cancellation and Data Dump request. Abi Mailhot replied stating that Bonazzi's request had been denied by Concur's contracts department "due to improper wording."

16. In response to this outlandish position, Bonazzi protested emphasizing that it took four months for Concur Technologies, Inc. to even respond to AmCap's written termination letter.

17. On November 5, 2024, Concur issued a new invoice for $682.24 for HDS services through November 24, 2024. This invoice was promptly paid. Despite payment for services, AmCap was advised on February 17, 2025 by Abi Mailhot that AmCap's system was fully shut down on October 11, 2024 and all associated data was deleted by mid-November despite the fact that AmCap had paid for HDS through November 24, 2024. **This could not be more problematic for AmCap because AmCap is currently under an audit by the Internal Revenue Service and this data is needed to defend the audit.**

18. In communications from the undersigned counsel for AmCap to Abi Mailhot requesting information about how to retrieve AmCap's valuable data, Concur Technologies, Inc.

constantly responds that the matter is being "escalated," yet in reality SAP Concur again goes off the radar and nothing is escalated or done in response to AmCap's many inquiries.

## IV.
## CAUSES OF ACTION

**Breach of Contract**

19. AmCap repeats and reincorporates Paragraphs 1-18 above as if fully recited herein *verbatim*.

20. Concur Technologies, Inc.is a cloud-based data storage business that was entrusted to store AmCap's valuable expense and invoicing data. Am Cap contracted with Concur Technologies, to retain AmCap's invoice and expense data not to unilaterally discard the data. *See Services Order Form attached hereto as Exhibit 1.* The Order Form required Concur Technologies to store and process AmCap's "invoice" and "expense" data and for AmCap to pay monthly for Concur Technologies' services. *See id.* Concur Technologies, Inc,'s Terms and Conditions likewise gave AmCap access to Concur's cloud-based technology in exchange for regular payments or "fees" made by AmCap.

> **2. USAGE RIGHTS AND RESTRICTIONS**
> **2.1 Grant of Rights.**
> Subject to all fees paid by the Partner to SAP, SAP grants to Customer on behalf of Partner a non-exclusive, non-transferable and world-wide right to use the Cloud Service (including its implementation and configuration), Cloud Materials and Documentation solely for Customer's and its Affiliates' internal business operations. Permitted uses and restrictions of the Cloud Service also apply to Cloud Materials and Documentation.

*See Terms and Conditions attached hereto as Exhibit 2.*[1]

21. AmCap complied with its contract with Concur Technologies, Inc. and timely paid its invoices to store and retain AmCap's valuable expense and invoicing data. AmCap followed

---

[1] These Terms & Conditions are not identical to the actual T&Cs received by AmCap as the actual T&Cs received by AmCap did not have a Pennsylvania forum selection clause.

the proper protocols provided by Concur Technologies, Inc. to terminate the service with the full intent of recovering its valuable data. Notwithstanding the same, Concur Technologies, Inc. failed to follow its own protocols and to provide AmCap with the necessary recovery files to recover its valuable data.

22. Instead of assisting AmCap in the recovery of its data, whenever Concur Technologies, Inc. got around to communicating, it made up strained excuses such as an "improper termination letter" to keep AmCap in the dark about the status of its valuable data and recovery of the same.

23. At all turns, AmCap complied with its contract with Concur Technologies, Inc.. Concur Technologies, Inc. breached its contract with AmCap by losing AmCap's data thus, causing AmCap damages. AmCap was damaged by Concur Technologies' breach of the contract to safely store AmCap's data by losing AmCap's data which is needed to defend a current investigation and audit by the Internal Revenue Service. The data lost by Concur Technologies, Inc. is exactly the data the IRS is seeking in its audit. As a result of the breach of contract, AmCap was forced to retain the undersigned counsel to pursue the breach of contract and seeks recovery of its reasonable and necessary attorney's fees pursuant to Texas Civil Practices & Remedies Code §38.002 et. seq.

**Negligence**

24. AmCap repeats and reincorporates Paragraphs 1-22 above as if fully recited herein *verbatim*.

25. AmCap would show that Concur Technologies, Inc. had a duty to safeguard the data that was entrusted to it by AmCap Mortgage, Ltd. Concur Technologies had a duty to work with AmCap to make sure that at the tail end of the service provided there was no fumble and the

data was safely returned back to AmCap.  AmCap would show that Concur Technologies had a duty to provide clear instructions on how the process would work in terminating the account and safely returning the stored data back into the possession of AmCap.  Concur Technologies had a duty to make sure that its employees did not take any premature action that would prematurely delete valuable data before it was returned to the customer.

26. Concur Technologies, Inc. was negligent in providing instructions to AmCap on how the data was going to be transferred on final termination of the contract.  Moreover, on information and belief, SAP Concur negligently destroyed AmCap's valuable data.  Concur Technologies was negligent in instructing AmCap how to successfully complete the transfer of its valuable data from Concur's cloud storage back to AmCap's possession and control.

27. Concur Technologies was negligent in prematurely deleting the data belonging to AmCap before the proper procedures were completed to transfer this data safely back to AmCap. In this process, Concur Technologies, Inc. dropped the ball and negligently lost this data.  Concur Technologies, Inc. had a duty to safely store AmCap's data and then at the tail end of the contract had a duty to ensure that the data was safely transferred and transmitted back to AmCap.  Concur Technologies, Inc.'s failure to safely store and transfer back to AmCap this data was the proximate cause of damages sustained by AmCap.

## V.
## DAMAGES

28. AmCap repeats and reincorporates Paragraphs 1-24 above as if fully recited herein *verbatim*.

29. AmCap seeks damages for the loss of all of its valuable data stored with Concur Technologies, Inc.  AmCap further seeks recovery of its attorney's fees and costs incurred in

prosecution of this matter.  AmCap seeks recovery of all fees paid by AmCap to  under the contract for which Concur Technologies, Inc. did not provide the required services.

30. AmCap seeks all pre-judgment and post-judgment interest at the maximum rate permitted by law.

## VI.
## CONDITIONS PRECEDENT

31. AmCap has complied with all conditions precedent to bringing this lawsuit.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff AmCap Mortgage, Ltd. respectfully prays that Concur Technologies, Inc. be cited to appear and after trial on the merits judgment be entered in favor of Plaintiff for all damages sought herein, including AmCap's reasonable and necessary attorney's fees and costs.  AmCap prays for all further relief to which it might show itself entitled whether at law or equity.

Respectfully submitted,

MCGLINCHEY STAFFORD PLLC

*s/ Gary L. Pate*
Gary L. Pate
Fed. I.D. 29713
State Bar No. 24029763
McGlinchey Stafford PLLC
1001 McKinney St., Suite 1500
Houston, Texas 77002
281-755-8331
gpate@mcglinchey.com
ATTORNEY-IN-CHARGE FOR
PLAINTIFF AMCAP MORTGAGE, LTD.

Of Counsel:
Marilyn S. Cayce
Fed. I.D. 09986
McGlinchey Stafford PLLC
1001 McKinney St., Suite 1500
Houston, Texas 77002
281-755-8331
mcayce@mcglinchey.com

**CERTIFICATE OF SERVICE**

  I hereby represent that on this 29th day of December 2025, I have forwarded a true and correct copy of this instrument to all known counsel of record:

Julia Gandara Simonet
jsimonet@cozen.com
COZEN O'CONNOR
811 Main, Suite 2000
Houston, Texas 77002

Michael J. Miller
Chase A. Howard
mjmiller@cozen.com
chasehoward@cozen.com
1650 Market Street, Suite 2800
Philadelphia, PA 19103

                *s/ Gary L. Pate*
                Gary L. Pate